IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN S. WETMORE,

    Plaintiff,

v.                                                       Civil Action No. 5:09CV38
                                                                 (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The plaintiff, Kevin S. Wetmore, filed an application on February 2, 2007, for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act, alleging disability beginning on December 1, 2006, due to a back injury.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on June 5, 2008, before Administrative Law Judge ("ALJ") J.E. Sullivan. The plaintiff testified on his own behalf, as did Vocational Expert ("VE") Larry Bell. On June 29, 2008, the ALJ issued a decision finding that the plaintiff was not under a "disability." The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. The plaintiff also filed a reply brief to the defendant's motion for summary judgment. On October 26, 2009, the magistrate judge entered a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed objections, to which the defendant filed a response, and the plaintiff did not reply. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ erred by finding that the plaintiff did not suffer from an impairment that met or equaled § 1.04 of the Commissioner's Listing of Impairments, 20 C.F.R., Part 404, Subpart P, Appendix 1. Additionally, the plaintiff argues that the ALJ erred by finding that the plaintiff's statements concerning the intensity, persistence, limiting effect of his symptoms, and side effects of his medications were not credible to the extent that they were inconsistent with the ALJ's findings that the plaintiff could perform a limited range of light work.

The Commissioner contends, in contrast, that the plaintiff's arguments lack merit, that substantial evidence supports the ALJ's decision that the plaintiff's lumbar impairments did not meet the criteria for § 1.04 of the listings, and that the ALJ correctly evaluated the plaintiff's credibility.

Magistrate Judge Seibert issued a report and recommendation, in which he held that substantial evidence supports the ALJ's finding that the plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in § 1.04. Furthermore, the magistrate judge found that substantial evidence also existed to discredit the plaintiff's statements regarding the intensity, persistence, limited effect of his symptoms, and the side effects of medications. Accordingly, based upon these findings, the magistrate judge held that the plaintiff was not disabled on or before his date last insured.

The plaintiff thereafter filed objections to the magistrate judge's report and recommendation. In these objections, the plaintiff argues that the magistrate judge incorrectly analyzed § 1.04 by finding that the plaintiff was unable to ambulate effectively. Section 1.04A, the plaintiff contends, does not require a claimant to show that he cannot ambulate effectively to meet the listing requirements. Moreover, the plaintiff contends that the magistrate judge's assessment of the plaintiff's credibility was improper. The defendant's response refutes each of these objections.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v.

4

Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A. <u>Whether the ALJ Erred in Determining that the Plaintiff Did Not Suffer from an Impairment that Met or Equaled Listing § 1.04</u>

The magistrate judge concluded that substantial evidence supports the ALJ's decision that the plaintiff's impairment does not meet the criteria under § 1.04 of the listings. After a de novo review of the record, this Court agrees.

"For a claimant to show that his impairment matches a listing, it must meet <u>all</u> of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The plaintiff contends that he meets the criteria under § 1.04A of the listings. As the magistrate judge noted, to meet this section, the plaintiff must have a spine disorder accompanied by: (1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitations of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness); and (4) if there is involvement of the lower back,

positive straight-leg raising test (sitting and supine). 20 C.F.R. 04, Subpt. P, App. 1, Listing 1.04A.

The record supplies substantial evidence that the plaintiff does not meet the criteria for listing § 1.04. Particularly, a medical report dated December 15, 2006, indicates that the plaintiff's lumbar spine is well-aligned, and that he was diagnosed with tiny focal herniation with moderate spinal stenosis. (R. 216.) A later report indicates no significant impress or stenosis at L1-2, a mild degree of spinal stenosis at L3-4, possible minimal herniation and relative spinal stenosis at L4-5, and no significant stenosis at L5-S1 with the most significant finding being severe spinal stenosis at L2-3. (R. 217-19.) Two letters, dated February 12, 2007, indicated only definite stenosis at the 2-3 level. (R. 220-22.) Therefore, substantial evidence supports the ALJ's determination that the plaintiff's impairment does not meet the requirements of listing § 1.04A.

This Court recognizes, however, that in his report and recommendation, the magistrate judge inappropriately referred to § 1.04C by finding that the plaintiff could not meet the requirements of § 1.04A of the listing because no evidence was provided that he was unable to ambulate effectively. Under 28 U.S.C. § 636(b)(1), a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate with

instructions." Disregarding whether the plaintiff can ambulate effectively, a factor that this Court, as well as both the plaintiff and the defendant, agree is not included in the § 1.04A analysis at issue in this case, this Court holds, for the reasons stated above, that substantial evidence supports the ALJ's determination that the plaintiff did not meet the requirements of listing § 1.04A.

B. <u>Whether the ALJ Erred by Discrediting the Plaintiff's Complaints Concerning the Intensity, Persistence, Limiting Effects of His Symptoms, and Side Effects of His Medications</u>

The plaintiff also claims that the ALJ erred in concluding that he was not credible concerning his testimony of pain and limitation. In evaluating subjective complaints of pain, an ALJ must follow the procedure outlined in <u>Craig v. Chater</u>, which requires him to determine: (1) that there is evidence of a medically determinable impairment that was capable of producing the pain or symptoms alleged; and (2) the intensity and persistence of the plaintiff's pain, and the extent to which it affects his work. 76 F.3d 585, 594 (4th Cir. 1996). After considering the plaintiff's claim, the magistrate judge found that the ALJ correctly applied the <u>Craig</u> analysis and found the plaintiff's testimony not to be entirely credible, given the inconsistencies between the plaintiff's subjective complaints and the record.

This Court agrees with the magistrate judge's conclusion. The magistrate judge has cited numerous inconsistencies between the

plaintiff's reports of pain and the medical evidence. For this reason, this Court affirms the magistrate judge's finding with respect to this issue.

IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: May 11, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE